THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AEDIN QUINN,

                    Plaintiff,

          v.

KING COUNTY,

                    Defendant.

CASE NO. C26-2191-JCC

ORDER

This matter comes before the Court *sua sponte*, following United States Magistrate Judge Brian A. Tsuchida's order granting Plaintiff's motion to proceed *in forma pauperis*. (*See* Dkt. No. 5.) Plaintiff lodged his complaint (Dkt. No. 6) shortly thereafter.

Ostensibly, the complaint (Dkt. No. 6) is a revision to previous complaints. *See Quinn v. King County Risk Management, et al.*, Case No. C25-1356-JNW, Dkt. No. 5 (W.D. Wash. 2025); *Quinn v. King County*, Case No. C25-2121-JHC, Dkt. No. 10 (W.D. Wash. 2025); *Quinn v. King County*, Case No. C26-1690-JCC, Dkt. No. 1-1 (W.D. Wash. 2026). In each, Plaintiff sought redress for King County's allegedly wrongful termination of his workers compensation benefits. (*See generally id.*) Plaintiff seeks the same here. (*See generally* Dkt. No. 6.)

According to Plaintiff, King County did not provide him with the minimum procedure necessary (under the Constitution) for termination of benefits, resulting in a Due Process violation. (*See generally id.*). This, says Plaintiff, affords him a jurisdictional basis to bring a

ORDER
C26-2191-JCC
PAGE - 1

workers compensation determination appeal in federal court. (*See generally id.*)

A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Moreover, the Court must dismiss a complaint if it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction (for the controversy at hand) can be based on diversity of citizenship or the presentation of a federal question. *See, e.g.*, *Tucker-Meuse v. Field*, 2022 WL 706527, slip op. at 2 (D. Haw. 2022). Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. And federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331. To be clear, lack of subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

As to Plaintiff's workers compensation appeal, in each prior instance where the Court considered the issue, it concluded that Plaintiff failed to plausibly allege a federal cause of action, stripping the Court of jurisdiction to hear the matter (and resulting in a dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or Federal Rule of Civil Procedure 12(h)(3)). *See* C25-1356-JNW, Dkt. No. 7; C25-2121-JHC, Dkt. No. 28. Plaintiff's instant complaint (Dkt. No. 6) is an effort to cure his prior pleading infirmities. But the complaint (Dkt. No. 6) suffers from the same issues as the prior ones. It fails to plausibly allege that King County's procedures fell below the *minimum required* to protect Plaintiff's interest in his workers compensation benefits. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1192 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016) (describing the three-part balancing test necessary to determine how much process is due

ORDER
C26-2191-JCC
PAGE - 2

pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 347 (1976)). As previously noted, the Due Process Clause, requires an "opportunity to be heard at a meaningful time and in a meaningful manner." C25-2121-JHC, Dkt. No. 28 at 6 (quoting *Mathews*, 424 U.S. at 333). This might very well fall below what would be required through other means, such as state law. *See Nozzi*, 806 F.3d at 1192. But so long as the minimum procedure is afforded, *even if it falls below that required under state law*, there is no Due Process violation and no basis for this Court's subject matter jurisdiction. *Id.* And the non-conclusory procedures described here, (*see generally* Dkt. Nos. 2, 6, 6-1, 6-2, 6-3), are sufficient to meet this minimum threshold. *See, e.g.*, *Montoya v. City of Avondale*, 2025 WL 4087878, slip op. at 10 (D. Ariz. 2025) (describing procedural protections necessary for employment-based property interests). Thus, there is no subject matter jurisdiction here and the Court cannot consider this dispute.

Based on the foregoing, Plaintiff's complaint is DISMISSED without prejudice. The Clerk is DIRECTED to close this and the recent case, C26-1690-JCC (where Plaintiff also sought to proceed *in forma pauperis* based on the same operative facts). If Plaintiff files a complaint again in this court appealing the same benefit termination, the Court will consider imposing a bar order, as it is clear further amendment cannot cure Plaintiff's jurisdictional deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Plaintiff has already been advised of this. *See* C25-2121-JHC, Dkt. No. 28 at 8–9 (finding further amendment futile).

DATED this 9th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-2191-JCC
PAGE - 3